[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10985
Non-Argument Calendar

_____

D. C. Docket No. 04-00021-CR-001-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ULYSSES MCMILLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 18, 2007)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Ulysses McMillan appeals his 144-month sentence for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). McMillan was originally charged with three distribution counts based on a first sale of 3.8 grams of cocaine base, a second of 35.6 grams, and a third of 22 grams. He pleaded guilty to the third sale in exchange for the charges relating to the first two being dismissed.

The district court used the weight of all the sales, 61.4 grams, to calculate McMillan's offense level under the sentencing guidelines. Under U.S.S.G. § 2D1.1, crimes involving 50 grams or greater but less than 150 grams of cocaine base result in a base offense level of 32. McMillan's sentence was reduced by three points for accepting responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) & (b). His adjusted offense level was therefore 29, which, coupled with a category IV criminal history, carries a guideline range of 121 to 151 months. Considering the advisory guidelines range and the other § 3553(a) factors, the district court sentenced McMillan to 144 months.

McMillan first contends that the court erred by including the weight of the cocaine from the dismissed counts in its calculation under § 2D1.1 of the base offense level because the government had not been proven those weights by a preponderance of the evidence.

At McMillan's plea hearing, Agent Steven Tensley of the Drug Enforcement Agency testified that McMillan was involved in three controlled buys of cocaine base in quantities totaling 61.4 grams. The plea agreement signed by McMillan also acknowledged he had sold a total of 61.4 grams of cocaine base. Finally, the district court summarized the agreement at the plea hearing, specifically mentioning the "sixty-three or so grams of cocaine," and McMillan stated that he understood its terms. For these reasons, the district court's finding of 61.4 grams of cocaine base was supported by a preponderance of the evidence, and it was not error to calculate his base offense using that quantity.

McMillan also contends that the district court's consideration of the drug quantities from dismissed charges to set his base offense level without a finding by a jury applying a beyond-a-reasonable-doubt standard violates the Fifth and Sixth Amendments. McMillan acknowledges that this contention is contrary to this Court's previous rulings. See United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005) ("Booker does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict."); United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir. 2005) ("The error . . . is not that there were extra-verdict enhancements-enhancements based on facts found by the judge that

3

were not admitted by the defendant or established by the jury verdict-that led to an increase in the defendant's sentence."). Furthermore, there is no Sixth Amendment violation when the defendant admits to the facts in question, as McMillan did in his plea agreement. See Blakely v. Washington, 542 U.S. 296, 303 (2004).

McMillan's final contention is that his sentence is unreasonable because the court did not properly apply 18 U.S.C. § 3553(a). Specifically, McMillan argues that the district court gave his criminal history too much weight in sentencing and his work history not enough. McMillan emphasizes the following points: (1) one of the convictions in his criminal history, for which he received only probation, occurred almost 15 years before the distribution charge; (2) he had not been charged with a felony in more than a decade before that distribution charge; and (3) he held a job for a prolonged period before losing it due to an automobile injury.

The district court explicitly considered these three factors in deciding the sentence. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court" and "[w]e will not substitute our judgment in weighing the relevant factors." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006) (citations omitted).

McMillan also argues that the district court did not properly consider his age, 51, as a mitigating factor in sentencing. The district court did not explicitly

mention his age at any point during the sentencing proceeding.  Even assuming that being 51 years old is a mitigating factor, failure to mention a mitigating factor does not mean that it has been ignored in sentencing.  United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007).  "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  The relevant inquiry is whether the sentence is unreasonable in light of the particular circumstances of the case.  Amedeo, 487 F.3d at 833.

"Review for reasonableness is deferential . . . and when the district court imposes a sentence within the advisory [g]uidelines range, we ordinarily will expect that choice to be a reasonable one."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, the sentence imposed by the district court is not unreasonable.  As discussed above, the district court correctly calculated McMillan's guideline imprisonment range and considered the guidelines as advisory.  The court based its decision to sentence McMillan within his guideline imprisonment range on his "significant criminal history," which, the court believed, demonstrated that he was a typical offender.  This is proper under the guidelines.  18 U.S.C. § 3553(a)(1).

5

Moreover, the court imposed a sentence within the applicable guideline range, which can ordinarily be expected to be reasonable. <u>Talley</u>, 431 F.3d at 788. McMillan has failed to meet his burden of showing that the district court's sentence was not reasonable.

**AFFIRMED**.